■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMUEL KIMMEL, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent. — Motion by appellant to dispense with printing granted. The appeal will be heard on the original papers (including the typed minutes) and on appellant's and on the Attorney-General's typewritten briefs, which shall include a copy of the opinion, if any, of the court below. Each party is directed to file six copies of his typewritten brief and to serve one copy on the other. Appellant's time to perfect the appeal is enlarged to the April Term, beginning March 26, 1962; appeal ordered on the calendar for said term. Motion for assignment of counsel denied. Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANKLYN MAUGE, Relator, v. WARDEN OF RAYMOND STREET JAIL, BROOKLYN, Respondent.— Motion by relator for reconsideration of his application for a writ of habeas corpus, denied. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS THOMPSON, Relator, v. JOHN F. McNEILL, as Superintendent of Matteawan State Hospital, Respondent.— Motion by petitioner for a hearing on a prior writ of habeas corpus which was dismissed by a Justice of the Supreme Court, Dutchess County. Motion denied. Ughetta, Acting P. J., Christ, Pette and Brennan, JJ., concur.

■ JAMES B. BECKER, an Infant, by JOHN R. BECKER, His Guardian ad Litem, et al., Respondents, v. MARY H. WEST et al., as Executors of EDWARD M. WEST, Deceased, et al., Appellants.— The accident occurred in January, 1954; the action was commenced in January, 1955; and issue was joined the following month. On October 2, 1957, the action was struck from the calendar because of plaintiffs' failure to file a statement of readiness. One year later, the action was dismissed pursuant to rule 302 of the Rules of Civil Practice. About two years after the dismissal of the complaint, an attorney who was retained of counsel by the attorney for plaintiffs, moved to open plaintiffs' default. The excuse offered was "inadvertence." Plaintiffs' attorney did not submit his own affidavit. In our opinion, no proper legal excuse was shown for the omission to file the requisite statement of readiness and for plaintiffs' delay in moving to open their default. Under the circumstances, the granting of the motion was an improvident exercise of discretion (Green v. Long Is. School of Aeronautics, 12 A D 2d 640; Abbey v. Trynin, 9 A D 2d 913). Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.